# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lidinila R. Reyes,

    Plaintiff

    v.

Corazon D. Schuttenberg, et al.,

    Defendants

Case No.: 2:13-cv-01482-JAD-CWH

**Order Denying Motion to Dismiss [Doc. 13], Denying Motion for Joinder [Doc. 19], and Denying Ex Parte Motion for Extension [Doc. 76]**

This libel and slander action was transferred from the United States District Court for the District of Hawaii to the District of Nevada on August 19, 2013.[1] Plaintiff Lidinila R. Reyes sues Corazon D. Schuttenberg, Marina Navarro Chong, and Risha Navarro Lai for statements made on Facebook, in conversations, and through other media.[2] The case was pending in Hawaii when Schuttenberg moved to dismiss for lack of jurisdiction on February 19, 2013, and when Lai moved to join the Motion to Dismiss on March 11, 2013.[3] The Court also considers Schuttenberg's November 18, 2013, supplement to his Motion to Dismiss and Reyes's December 2, 2013, ex parte request for an extension of time in responding to Schuttenberg's supplemental brief.[4]

---

[1] Doc. 58.

[2] Doc. 1 at 3–13.

[3] Doc. 13; Doc. 19.

[4] Doc. 71; Doc. 76.

1

After reviewing the record and law, the Court denies Shuttenberg's Motion to Dismiss without prejudice and denies all remaining motions as moot.[5]

**Discussion**

**A.     Schuttenberg's Motion to Dismiss**

In light of this case's transfer from Hawaii to Nevada, this Court held a status conference on October 21, 2013, where it offered Schuttenberg an opportunity to supplement his Motion to Dismiss.[6] The Court expressly observed that the motion was based on Hawaii law and asked Shuttenberg's counsel whether he wished to update the motion under Nevada law. On this basis, the Court granted counsel's request for 21 days in which to file supplemental briefing with this Court.

Shuttenberg's supplemental brief acknowledges that the Motion to Dismiss, which argued lack of jurisdiction in the District of Hawaii, "contains moot legal arguments and cites to Hawaiian law."[7] The original motion sought dismissal for two reasons: Shuttenberg argued that the District of Hawaii lacked personal jurisdiction over him and that Reyes's libel and slander claims were time-barred by Hawaii Revised Statute § 657-4.[8] In his new brief, he argues that Reyes's claims are time-barred under Nevada Revised Statute 11.190(4)(c),[9] that his alleged statements were not defamatory based on two cursory citations to the Ninth Circuit's decision in *Flowers v. Carville*,[10] and that Reyes's suit is vexatious and frivolous under the *Black's Law Dictionary* definition of "vexatious suit" and Federal Rule of Civil Procedure 11.[11] The supplement raises entirely new issues and is, functionally, a different motion to dismiss than the original motion brought in February 2013.

---

[5] The Court finds these motions appropriate for resolution without oral argument. L.R. 78-2.

[6] Doc. 66.

[7] Doc. 71 at 2.

[8] Doc. 13-1 at 1.

[9] Doc. 71 at 2.

[10] Doc. 71 at 3 (quoting *Flowers v. Carville*, 310 F.3d 118, 1127 (9th Cir. 2002))

[11] Doc. 71 at 3.

2

When the Court granted leave for supplemental briefing, it was not an invitation to bring an entirely new motion; it was permission for Schuttenberg to supplement his existing arguments with applicable Nevada law supporting them.[12] In this new brief, Shuttenberg appears to have taken the spaghetti approach in heaving the "contents of a pot against the wall in hopes that something would stick." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). This Court "decline[s], however, to sort though the noodles in search of" appropriate supplemental arguments. *Id.*

Accordingly, the Court denies Shuttenberg's Motion to Dismiss without prejudice.[13] If he wishes bring new arguments for dismissal, he must file a new motion within 21 days, on or before March 14, 2014. Defendants Lai and Chong have 14 days, or until March 28, 2014, to join if they wish. Reyes has 14 days, also until March 28, 2014, to respond.[14] Any reply is due within 7 days on April 4, 2014.[15] Finally, Lai and Chong are granted 7 days to join Shuttenberg's reply, until April 11, 2014.

**B.   Lai's Motion for Joinder and Reyes's Motion for Extension of Time**

In light of the denial of Shuttenberg's motion to dismiss, Lai's motion to join Shuttenberg's original motion[16] and Reyes's request for an extension in responding to Shuttenberg's supplemental brief[17] are denied as moot.

. . .

. . .

. . .

---

[12] Local Rule 7-2 does not permit supplemental briefing without leave of Court. The supplement permitted as a result of the hearing was thus a tailored exception to the general rule.

[13] Doc. 13.

[14] *See* L.R. 7-2(b).

[15] *See* L.R. 7-2(c).

[16] Doc. 19.

[17] Doc. 76.

3

**Conclusion**

Accordingly, and with good cause appearing,

It is hereby ORDERED that Shuttenberg's Motion to Dismiss **[Doc. 13] is DENIED** without prejudice.  Any new motion to dismiss must be refiled within 21 days, on or before **March 14, 2014**. Chong and Lai are permitted until **March 28, 2014**, to join.  Reyes will have until **March 28, 2014**, to respond.  Shuttenberg's reply will be due **April 4, 2014**, while Chong and Lai will have until **April 11, 2014**, to join.

It is further ORDERED that Lai's Motion for Joinder **[Doc. 19] is DENIED** as moot.

It is further ORDERED that Reyes's Motion for Extension **[Doc. 76] is DENIED** as moot.

DATED February 24, 2014.

_____
Jennifer A. Dorsey
United States District Judge